UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIA ESCALERA, on behalf of herself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br> QUALITY ASSET RECOVERY, LLC, <br><br> Defendant(s). | Civil Case Number: _____ <br><br> **CIVIL ACTION** <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

   TIA ESCALERA
   47 N. Myrtle Street
   Vineland, New Jersey 08360

   QUALITY ASSET RECOVERY, LLC
   7 Foster Avenue, Suite 101
   Gibbsboro, New Jersey 08026

**PRELIMINARY STATEMENT**

2. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, QUALITY ASSET RECOVERY, LLC ("QAR") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.     Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.     As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.     Plaintiff is a natural person, a resident of Cumberland County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.     QAR maintains a location at 7 Foster Avenue, Suite 101, Gibbsboro, New Jersey 08026.

8.     QAR uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.     QAR is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.    John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Classes are initially defined as:

> All New Jersey consumers who QAR collected or attempted to collect a debt from, which was based on a repossession of an motor vehicle lease that was signed on the same day it was presented to those NJ consumers without a valid waiver pursuant to N.J.A.C. § 13:45A-28.8 et al.
>
> The class definitions may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New Jersey who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

   b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class

member. These common questions of law and fact include, without limitation:

i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also

permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to August 5, 2020, Plaintiff allegedly incurred a financial obligation to AUCTION ACCESS AUTO, INC. ("AUCTION ACCESS AUTO").

19. The AUCTION ACCESS AUTO obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the AUCTION ACCESS AUTO obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The AUCTION ACCESS AUTO obligation did not arise out of a transaction that was for non-personal use.

22. The AUCTION ACCESS AUTO obligation did not arise out of a transaction that was for business use.

23. The AUCTION ACCESS AUTO obligation involved a closed end motor vehicle lease of a 2010 Acura TSX ("2010 Acura") with an odometer reading of 96,890 miles.

24. The motor vehicle lease for the AUCTION ACCESS AUTO obligation was presented to Plaintiff on February 20, 2016.

25. The motor vehicle lease for the AUCTION ACCESS AUTO obligation was signed by Plaintiff on February 20, 2016, the same day it was presented to her.

26. Plaintiff did not sign a waiver as permitted by N.J.A.C. 13:45A-28.8 et al. in connection with the AUCTION ACCESS AUTO obligation.

27. The AUCTION ACCESS AUTO obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. AUCTION ACCESS AUTO is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29. At some time prior to August 5, 2020, the 2010 Acura that was the subject of the AUCTION ACCESS AUTO obligation was repossessed by AUCTION ACCESS AUTO.

30. The 2010 Acura was not disposed of in a commercially reasonable manner.

31. Plaintiff did not receive any credit on the AUCTION ACCESS AUTO obligation after the 2010 Acura was repossessed.

32. On or before August 5, 2020, AUCTION ACCESS AUTO, directly or through an agent, referred the AUCTION ACCESS AUTO obligation to QAR for the purpose of collections.

33. At the time the AUCTION ACCESS AUTO obligation was referred to QAR the AUCTION ACCESS AUTO obligation was past due.

34. At the time the AUCTION ACCESS AUTO obligation was referred to QAR, the AUCTION ACCESS AUTO obligation was in default.

35. In an attempt to collect on the AUCTION ACCESS AUTO obligation, Defendants made collection attempts against Plaintiff occurring within one year of the filing of

the Complaint, which included sending correspondence and reporting and updating its reporting to one or more national credit reporting bureaus regarding Plaintiff.

36. In addition, Defendants caused to be delivered to Plaintiff a communication dated August 5, 2020, which was addressed to Plaintiff. A copy of said communication is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

37. The August 5, 2020 communication was sent to Plaintiff in connection with the collection of the AUCTION ACCESS AUTO obligation.

38. The August 5, 2020 communication is a "communication" as defined by 15 U.S.C. § 1692a(2).

39. Upon receipt, Plaintiff read the August 5, 2020 communication.

40. The August 5, 2020 communication provides the following information regarding the balance claimed due on the AUCTION ACCESS AUTO obligation:

Balance Due: $2,627.20

41. The August 5, 2020 communication did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

42. The outstanding balance claimed to be due by Defendants on the AUCTION ACCESS AUTO obligation as of August 5, 2020, included an amount for principal, interest, fees and/or other charges.

43. The August 5, 2020 communication did not inform Plaintiff that the amount of the debt included an amount for principal, interest, costs and/or fees.


44. N.J.S.A. § 56:12-67b(1) provides that:

> No lease shall bind a lessee or lessor unless both the lessee and lessor have had one business day to review the lease contract before the signing of the contract.
>
> N.J.S.A. § 56:12-67 (LexisNexis, Lexis Advance through New Jersey 219th Second Annual Session, L. 2021, c. 121 and J.R. 3)

45. Plaintiff and others similarly situated did not receive one business day to review the lease contract before signing it.

46. Plaintiff and others similarly situated were not presented with a waiver as provided by N.J.A.C. § 13:45A-28.8 et al.

47. As such, at no time was QAR authorized to collect the AUCTION ACCESS AUTO obligation.

48. As such, at no time was AUCTION ACCESS AUTO authorized to collect the AUCTION ACCESS AUTO obligation.

49. As AUCTION ACCESS AUTO did not handle the repossession of the 2010 Acura according to New Jersey law.

50. QAR knew or should have known that its actions violated the FDCPA.

51. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

52. It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt

    (d)    Making a false representation of the character or amount of the debt;

    (e)    Failing to effectively convey the amount of the debt.

53. Defendants have made collection attempts against at least 50 natural persons in the state of New Jersey within one year of this Complaint on behalf of AUCTION ACCESS AUTO.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

54. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

55. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

56. Defendant's communication would cause the least sophisticated consumer to be confused about his or her rights.

57. Defendant's communication would mislead the least sophisticated consumer to believe that Defendants could legally attempt to collect the debt.

58. Defendant's communication would cause the least sophisticated consumer to be confused as to whether the balance could and/or would increase.

59. Defendant's communication would cause the least sophisticated consumer to be confused as to whether the balance included an amount for interest.


60. Defendant's communication would cause the least sophisticated consumer to be confused as to whether the balance included an amount for costs and/or fees.

61. Defendant's communication would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that AUCTION ACCESS AUTO had complied with New Jersey regulations and law.

62. A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See *Chulsky v. Hudson Law Offices, P.C.,* 777 F.Supp.2d 823 (D.N.J. 2011).

63. As described , Defendants' attempt to collect the alleged debt violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq*.

64. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

65. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

66. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

67. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the AUCTION ACCESS AUTO obligation included an amount for interest and an amount for interest, costs and/or fees.

68. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

69. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

70. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under New Jersey law.

71. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the AUCTION ACCESS AUTO obligation because they failed to comply with the New Jersey Consumer vehicle leasing laws and regulations.

72. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

73. As described herein, Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt.

74. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

75. Defendants' conduct as described herein violated 15 U.S.C. § 1692e(10).

76. Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect any part of the debt, which it was not authorized or permitted by law to charge or collect.

77. Defendants' conduct as described herein violated 15 U.S.C. § 1692g *et seq.*

78. Defendants violated 15 U.S.C. § 1692g *et seq.* by failing to effectively convey the amount of the debt.

79. Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

80. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

81. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

82. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

83. Plaintiff and others similarly situated were sent communications, which could have affected their decision-making with regard to the debt.

84. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

85. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 3, 2021                                Respectfully submitted,

By:   *s/ Joseph K. Jones*
      Joseph K. Jones, Esq. (JJ5509)
      JONES, CHULSKY & KESSLER, LLC
      330 Mounts Corner Drive, Suite 417
      Freehold, NJ 07728
      Phone: (877) 827-3395
      Fax: (877) 827-3394
      Attorneys for Plaintiff

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: August 3, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
Attorneys for Plaintiff

# EXHIBIT

# A



Quality Asset Recovery, LLC



August 5, 2020

Re: Unpaid balance-Tia Escalera
QAR Account#: ▮▮▮▮▮
Balance Due: $2,627.20
Creditor: Auction Access Auto, Inc. #▮▮▮▮

To: Tia Escalera

Please accept this response in reference to your facsimile dated August 4, 2020 regarding the unpaid balance due for our client. Below is the actual *FDCPA law* since in your letter you are citing demands not required by law please take a moment to familiarize yourself. Based on our account documentation the period to request this information expired January 3, 2019, therefore any response or information provided is a courtesy not a requirement.

Section 809(a)(4) of the Fair Debt Collection Practices Act (FDCPA) requires that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion, is disputed, the debt collector will obtain verification of the debt . . . and a copy of such verification . . . will be mailed to the consumer by the debt collector." Based on legislative history, Federal Trade Commission (FTC) interpretations, and relevant court cases, it appears that sufficient verification would include, at a minimum: an itemization of the amount due; the name and address of the current and original creditor; the name and address of the consumer; a statement addressing the dispute; and a statement that the product or service has been provided but not yet paid for.

Attached as requested is your Lease Agreement, Credit Application and Final Account Statement, which includes the itemization of how your charges were determined for the balance due of $2,627.20. The account has been marked disputed as requested.

Please feel free to contact me at 1-800-796-1476 if any questions, however please note that there will be no response to any future written communications.

Sincerely,

Kenneth Shapiro
Director of Operations, QAR, LLC

This communication has been sent by a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

7 Foster Ave., Ste. 101   Gibbsboro, NJ 08026
Phone Number: (856) 925-1010